IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**VIERLING COMMUNICATIONS GMBH,**

    **Plaintiff,**

  **vs.**                                      Case No. 2:14-mc-0009
                                                     Judge Watson
                                                     Magistrate Judge King

**THOMAS STROYLS,** *et al.***,**

    **Defendants.**

## REPORT AND RECOMMENDATION

    Pursuant to 28 U.S.C. § 636(b)(1), *Order*, ECF 5, this matter is before the undersigned for a report and recommendation on plaintiff's application for attorney's fees. *See Declaration of Rocco Luisi, Esq.*, ECF 7 ("*Luisi Declaration*" or "fee application"). For the reasons that follow, it is **RECOMMENDED** that plaintiff's fee application, ECF 7, be **GRANTED in part and DENIED in part.**

    By way of background, this action involves the efforts of plaintiff Vierling Communications GMBH (plaintiff or "Vierling") to locate assets available to satisfy a money judgment previously obtained in the United States District Court for the Southern District of New York. *Show Cause Order*, ECF 5, p. 1. On March 27, 2014, Vierling tried unsuccessfully to depose non-party David Stroyls ("Mr. Stroyls"), who had served as a sales consultant for his brother, defendant Thomas Stroyls. *Id*. at 1, 3. On subsequent contempt proceedings, the Court ordered Mr. Stroyls to appear for his deposition and document production on a mutually agreed date. *Id*.

1

The Court further advised that, should Mr. Stroyls arrange and appear for his deposition prior to September 8, 2014, "he will mitigate any sanctions imposed upon him. . . ." *Id*. at 3.  The Court also granted plaintiff leave to file an application for attorney's fees and costs incurred in connection with Mr. Stroyls' failure to appear for his March 27, 2014 deposition.  *Id*.  *See also* ECF 1-2, p. 1 (subpoena directed to David Stroyls).  A copy of the *Show Cause Order* was personally served on Mr. Stroyls on August 18, 2014.  *Show Cause Order*, p. 3; ECF-6. On September 12, 2014, in response to the *Show Cause Order*, Mr. Stroyls appeared for his deposition and document production.  *Luisi Declaration*, ¶ 4.  Plaintiff filed its fee application, seeking attorney's fees in the amount of $3,613.50 incurred in connection with Mr. Stroyls' failure to appear on March 27, 2014.  *Luisi Declaration*, ¶ 9.[1]  Mr. Stroyls opposes the application for fees.  ECF 12 ("*Opposition to Fee Application*").[2]  On November 20, 2014, plaintiff's fee application was referred to the undersigned for a report and recommendation.  *Order*, ECF 8. *See* 28 U.S.C. § 636(b)(1)(B).

Upon a finding of contempt, a district court has the discretion to "'fashion an appropriate sanction.'"  *Elec. Workers Pension Trust Fund of Local Union #58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 385

---

[1] Because it did not appear that plaintiff had served its application for fees on Mr. Stroyls, *see id.* (containing no certificate of service), the Court ordered plaintiff to serve a copy of the application on Mr. Stroyls and certify on the record that it had done so. *Order*, ECF 9.  *See also Certificate of Service*, ECF 11 (certifying that on December 2, 2014 a copy of the application was served on Mr. Stroyls).  In light of plaintiff's apparent failure to serve a copy of the application in contravention of S.D. Ohio Civ. R. 5.2, the Court extended the deadline for response to the application. *Order*, ECF 9.
[2] Mr. Stroyls is not represented by counsel.  *Id*.

2

(6th Cir. 2003) (quoting *Chicago Truck Drivers v. Bd. Labor Leasing*, 207 F.3d 500 (8th Cir. 2000)). "Broadly, the purpose of civil contempt is to coerce an individual to perform an act or to compensate an injured complainant." *United States v. Bayshore Associates, Inc.*, 934 F.2d 1391, 1400 (6th Cir. 1991) (citing *United States v. Mine Workers*, 330 U.S. 258, 303-04 (1947)). *See also Brown v. Luna*, No. 90-5723, 1991 U.S. App. LEXIS 15074, at *5 (6th Cir. July 3, 1991) (stating, *inter alia*, that the purpose of civil contempt is "not to punish for failure to comply in the past"). A civil contempt sanction may include a monetary award to compensate for losses caused by the contempt. *Gary's Elec. Serv. Co.*, 340 F.3d at 385.

"Reasonable" attorney's fees are calculated in light of the prevailing market rates in the relevant community. *Binta B. v. Gordon*, 710 F.3d 608, 627 (6th Cir. 2013). In determining a reasonable fee award, a court begins by calculating the movant's "lodestar," "which is the proven number of hours reasonably expended" multiplied by a reasonable hourly rate. *Id*. (quoting *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005)). The court "may then, within limits, adjust the 'lodestar to reflect relevant considerations peculiar to the subject litigation." *Adcock- Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (citing *Reed v. Rhodes*, 179 F.3d 453, 471-72 (6th Cir. 1999)). Specifically, a court may consider the following factors:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the

3

> client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Smith v. Serv. Master Corp.*, No. 14-5481, 2014 U.S. App. LEXIS 21852, at *15 (6th Cir. Nov. 14, 2014) (quoting *Adcock-Ladd*, 227 F.3d at 349 n.8)).

In first determining the number of hours reasonably expended, "[t]he district court should state with some particularity which of the claimed hours the court is rejecting, which it is accepting, and why." *Id.* at *7 (quoting *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997) (internal quotation marks omitted)). This Court must also address objections to the requested fee award and, if it rejects them, explain why it rejects the objections. *Id.* at *7-8 (quoting *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1176 (6th Cir. 1990), *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001)). In the case presently before the Court, plaintiff seeks attorney's fees for 7.3 hours of work billed at an hourly rate of $495.00 for Attorney Rocco Luisi. *Luisi Declaration*, ¶¶ 5-6. The hours reflect Attorney Luisi's time spent preparing plaintiff's request for an order to show cause relating to Mr. Stroyls' failure to appear for his deposition as well as time expended in preparing the fee application:

| **Date** | **Description of Services** | **Time(hours)** |
|---|---|---|
| 4/15/14 | Draft brief in support of order to show cause. | 2.9 |
| 4/15/14 | Draft order to show cause. | .5 |

| | | |
|---|---|---|
| 4/15/14 | Draft Declaration in support of order to show cause. | .9 |
| 4/15/14 | Research re: judgment creditor may properly pursue discovery in aid of judgment or execution. | .2 |
| 4/15/14 | Research re: standard of proof for contempt under Rule 45 | .6 |
| 4/15/14 | Research re: penalties for failure to comply with Rule 45 subpoena | .8 |
| 9/8/14 | Telephone call to court re: order to show cause hearing | .2 |
| 9/19/14 | Draft Declaration in support of application for attorneys' fees incurred as a result of Stroyls' failure to appear for his March 27, 2014 deposition and document production. | 1.2 |
| | **TOTAL TIME** | **7.3** |

*Id.* at ¶ 5. Mr. Stroyls appears to challenge plaintiff's request for fees related to time spent on any of these matters. *Opposition to Fee Application*, p. 2. Because he ultimately complied with the Court's *Show Cause Order*, Mr. Stroyls argues, he "should not be held responsible for Mr. Luigi's time related to this matter." *Id*.

This Court disagrees. The *Show Cause Order* would not have been necessary had Mr. Stroyles appeared for the March 27, 2014 deposition, and the *Show Cause Order* would not have issued but for plaintiff's time spent preparing the request for such an order. In reviewing plaintiff's hours expended in this regard, the Court therefore concludes that the 5.9 hours[3] expended on April 15, 2014 drafting the brief and declaration in support of its request for an order to show

---

[3] 2.9 (draft brief) + .5 (draft order) + .9 (draft declaration) + .2 (legal research relating to discovery in aid of judgment) + .6 (legal research relating to standard of proof) + .8 (legal research relating to penalties) = 5.9 hours.

5

cause and proposed order, as well as the hours conducting legal research in support of this filing, were reasonably expended. Plaintiff's motion for an order to show cause was ultimately granted and resulted in a finding of civil contempt against Mr. Stroyls, thus justifying the number of hours (5.9 hours) expended.  The Court is similarly persuaded that it was reasonable for plaintiff to contact the Court on September 8, 2014 in preparation for the show cause hearing, thus justifying that time (.2 hours) expended.

The Court, however, is not persuaded that it was reasonable to expend more than one hour (specifically, 1.2 hours) to prepare the *Luisi Declaration*.  *See id.* at ¶ 5.  This document consists of approximately three (3) double-spaced pages and generally describes Attorney Luisi's qualifications and billing rate.  *See generally id*. Although the *Luisi Declaration* details the time spent in this matter, there are only eight short time entries.  *Id*. at ¶ 5.  In reviewing the *Luisi Declaration* as a whole, the Court is simply not persuaded that plaintiff reasonably expended 1.2 hours to draft a general description of counsel's qualifications and eight time entries.  The Court finds that only half of this time (.6 hours) is reasonable in order to prepare the *Luisi Declaration*.  In sum, the Court therefore concludes that plaintiff reasonably expended a total of 6.7 hours[4] in this matter.

The Court next considers whether the requested hourly rate is reasonable in light of the prevailing market rates in the relevant community.  *See*, *e.g.*, *Binta B.*, 710 F.3d at 627.  As an initial

---

[4] 5.9 hours (total of 4/15/14 entries) + .2 Hours (9/8/14 entry) + .6 hours (reduced time for preparing the *Luisi Declaration* on 9/19/14) = 6.7 hours.

6

matter, the Court must first determine the "relevant community." Plaintiff apparently believes that either the Eastern or Southern District of New York is the relevant community.  *See Luisi Declaration*, ¶ 1 (averring that he is licensed to practice in, *inter alia*, the Southern and Eastern Districts of New York), ¶ 8 (averring that his hourly rate "is on the very low end of hourly rates of partners in New York City law firms").  However, plaintiff provides no authority or evidence supporting its presumption that a district in New York is the relevant community.  Instead, the Court notes that plaintiff's unsuccessful attempt to depose Mr. Stroyls on March 27, 2014 and the finding of contempt arose in the Central Ohio area.  *See generally Luisi Declaration; Show Cause Order*; ECF 1-2, p. 1 (subpoena directing David Stroyls to appear for deposition in Delaware, Ohio). For these reasons, the Court concludes that that the Southern District of Ohio is the "relevant community."

Having determined the relevant community, the Court now turns to the reasonableness of plaintiff's counsel's hourly rate.  "A trial court, in calculating the 'reasonable hourly rate' component of the lodestar computation, should initially assess the '*prevailing market rate in the relevant community*.'"  *Adcock-Ladd*, 227 F.3d at 350 (emphasis in original) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).  "The prevailing market rate is 'that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record.'"  *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821 (6th Cir. 2013) (quoting *Adcock-Ladd*, 227 F.3d at 350).  *See also Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, No.

7

10-3643, 436 F. App'x 496, *498-99 (6th Cir. 2011) (quoting *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 618 (6th Cir. 2007)).  "The appropriate rate, therefore, is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation."  *Gonter*, 510 F.3d at 618 (citing *Lamar Adver. Co. v. Charter Twp. of Van Buren*, Nos. 04-2500, 04-2521, 178 F. App'x 498 (6th Cir. Apr. 27, 2006)).  The fee applicant bears the burden of proving that the requested hourly rate is reasonable.  *Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999)).

Plaintiff's counsel, Attorney Luisi, is a business litigator licensed to practice in New Jersey, New York and Pennsylvania; he avers that his hourly rate of $495.00 is reasonable because it "is on the very low end of hourly rates of partners in New York City law firms with my expertise and years of practice in the areas of business litigation in general and enforcement of substantial judgments in particular."  *Id*. at ¶¶ 1, 7-8. However, Attorney Luisi does not articulate his years of experience.  *See generally Luisi Declaration* and biography attached thereto at PAGEID#:51-PAGEID#:52 ("biography").  The Court therefore takes judicial notice that the New York State Unified Court System reflects that Attorney Luisi has been admitted to practice in New York since 2007.  *See http://iapps.courts.state.ny.us/attorney/AttorneyDetails?attorneyId=67 215527*.  *See also United States v. Newsome*, Nos. 3:11-cr-160, 3:14-cv-302, 2014 U.S. Dist. LEXIS 150659, at *3 (S.D. Ohio Oct. 23, 2014) ("A

8

federal district court is permitted to take judicial notice of another court's website.").

Plaintiff's counsel's hourly rate exceeds the prevailing market rates in Columbus, Ohio. *See*, *e.g.*, *Thompson v. Rosenthal, Stein & Assocs.*, No. 2:14-cv-37, 2014 U.S. Dist. LEXIS 173296, at *11-12 (S.D. Ohio Dec. 16, 2014) (finding reasonable hourly rates of, *inter alia*, $400.00 for counsel's considerable "skill and experience in consumer law" and $250.00 for an attorney with more than 30 years of experience); *Kehoe Component Sales Inc. v. Best Lighting Prods.*, No. 2:10-CV-00789, 2014 U.S. Dist. LEXIS 143503, at *20-21 (S.D. Ohio Oct. 8, 2014) (concluding that an hourly rate of $255.00 for partners was reasonable in case asserting claims of, *inter alia*, breach of contract, tortious interference with business relationships and expectations and trade secrets misappropriation); *Castillo v. Morales, Inc.*, No. 2:12-cv-00650, 2013 U.S. Dist. LEXIS 122627, at *5-6 (S.D. Ohio Aug. 28, 2014) (finding a rate of $275.00 per hour to be reasonable in Columbus, Ohio).

After carefully considering the present record, the Court is not persuaded that plaintiff has justified Attorney Luisi's requested hourly rate of $495.00. *Cf. Granzeier*, 173 F.3d at 577 (stating that fee applicant bears the burden of proving that the requested hourly rate is reasonable); *Brian A. v. Hattaway*, No. 02-5666, 83 F. App'x 692, at *694 (6th Cir. Nov. 21, 2003) (providing that a court may award a higher hourly rate for an "out-of-town specialist" under certain circumstances) (citing *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995)). Although he is a partner in his law firm and although

9

his biography reflects experience and success in various matters of commercial litigation and in the enforcement of judgments, Attorney Luisi has practiced law for only seven (7) years.  His requested billable rate of $450.00 is simply excessive in light of the prevailing market rates of counsel with more experience in this professional community than Attorney Luisi.  *Cf*. *Thompson*, 2014 U.S. Dist. LEXIS 173296, at *11-12 (finding reasonable, *inter alia*, a $250.00 hourly rate for an attorney with over 30 years of experience).  Having submitted no evidence as to the relevant market, plaintiff has not justified an upward departure from the prevailing market rate in this case.  Accordingly, the Court concludes that an hourly rate of $250.00 is reasonable and will serve the purpose of civil contempt, *i.e.*, adequately compensating plaintiff for expenses incurred in moving for contempt of court and seeking fees, but will not punish Mr. Stroyls for his failure to appear for his deposition on March 27, 2014.  *See Bayshore Associates, Inc.*, 934 F.2d at 1400 (6th Cir. 1991); *Brown v. Luna*, No. 90-5723, 1991 U.S. App. LEXIS 15074, at *5 (6th Cir. July 3, 1991).

    Having determined a reasonable hourly rate of $250.00 for the 6.7 hours reasonably expended, the lodestar amount is therefore $1675.00.  *See Binta B.*, 710 F.3d at 627 (calculating a movant's lodestar by multiplying the number of hours reasonably expended by a reasonable hourly rate).

    As discussed *supra*, however, a court has the discretion to adjust the lodestar in order to reflect relevant considerations unique to the particular action.  *Adcock- Ladd*, 227 F.3d at 349. This Court

concludes that a reduction is warranted in light of parameters provided in the *Show Cause Order* and the timing of Mr. Stroyls' deposition that ultimately proceeded on September 12, 2014.  More specifically, the Court previously advised that "[i]f David Stroyls arranges and appears for his deposition prior to September 8, 2014, he will mitigate any sanctions imposed upon him at the show cause hearing."  *Show Cause Order*, p. 3 (order dated August 14, 2014).  The record reflects that, after having been served with a copy of the *Show Cause Order* on August 18, 2014, ECF-6, Mr. Stroyls promptly contacted Attorney Luisi on August 21, 2014 in order to schedule the deposition.  *Opposition to Fee Application*, p. 2.  Mr. Stroyls' representation that "[t]he earliest date Mr. Luisi could schedule the deposition for was September 12, 2014[,]" *id*., is uncontroverted.  Based on this record, the failure to meet the September 8, 2014 deadline resulted from Attorney Luisi's schedule, not through any dilatory behavior on behalf of Mr. Stroyls.  Accordingly, the Court will reduce the lodestar by $500.00.  *Cf*. *Show Cause Order*, p. 3 (addressing mitigation of sanctions); *In re Nicole Gas Prod*., 519 B.R. 723, 735 (S.D. Ohio 2014) ("Good faith is not a defense to a finding of civil contempt, but it may in certain circumstances serve to mitigate the sanctions imposed for the contempt.").

    **WHEREUPON**, it is **RECOMMENDED** that plaintiff's fee application, ECF 7, be **GRANTED in part and DENIED in part** and that plaintiff be awarded an attorney fee in the amount of $1175.00.

    If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file

and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

    The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


January 21, 2015                                  *s/Norah McCann King*
                                                         Norah M<sup>c</sup>Cann King
                                      United States Magistrate Judge